1  Robert T. Lemen, Bar No. 94111
   Timothy J McElfish, Bar No. 242963
2  MURTAUGH MEYER NELSON & TREGLIA LLP
   2603 Main Street, 9th Floor
3  Irvine, California 92614-6232
   (949) 794-4000/FAX (949) 794-4099
4

5

6  STEVEN J. PARSONS (Nevada Bar No. 363)
   LAW OFFICES OF STEVEN J. PARSONS
7  City Center West, Suite 108
   7201 West Lake Mead Boulevard
8  Las Vegas, Nevada 89128
   Telephone: (702) 384-9000
9  Facsimile: (702) 384-5900
   Email:
10

11 Attorneys for Defendant and Counterclaimant CITY
   FIBERS, INC., a California Corporation

12            UNITED STATES DISTRICT COURT

13             FIRST DISTRICT OF NEVADA

14

| | |
|---|---|
| CREEL PRINTING & PUBLISHING CO., INC., a Nevada Corporation, | CASE NO. 2:09-cv-00663 |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER WITH RESPECT TO NONPARTY WESTERN PACIFIC PULP & PAPER, INC.** |
| v. | |
| CITY FIBERS, INC., a California Corporation, | |
| Defendant. | TRIAL DATE:  December 21, 2010 |
| AND ALL RELATED MATTERS | |

22        This stipulated protective order ("Order") is entered into with respect to documents to

23 be produced and the deposition testimony of non-parties, Western Pacific Pulp & Paper, Inc.

24 ("Western") and Kevin Duncombe. This Order is entered into by and between Defendant, City

25 Fibers, Inc. ("City Fibers") by and through their counsel, Murtaugh Meyer Nelson & Treglia

26 LLP, Plaintiff, Creel Printing & Publishing Co., Inc. ("Creel"), by and through its counsel, the

27 law firm of Howard & Howard Attorneys P.L.L.C., and Western by and through its counsel,

28 the law firm of Cooksey, Toolen, Gage, Duffy & Woog.

1   1. **Proceedings and Material Governed.** This Order shall govern documents,

2 testimony, written discovery responses, or other information furnished by Western to any other

3 party in this action.  The information protected includes, but is not limited to, responses to

4 requests to produce documents or other things, responses to subpoenas, responses to

5 interrogatories, responses to requests for admission, deposition testimony, and all copies,

6 extracts, summaries, compilations, designations and portions thereof. This Order does not

7 prohibit either party from seeking additional protective orders.

8   2. **Confidential Material**.  For purposes of this Order, Confidential Material shall be

9 defined as information including but not limited to financial information, and information

10 which has not been made public and which concerns or relates to the processes, operations,

11 type or work, or apparatus, or to the production, sales, shipments, purchases, transfers,

12 identification of customers, inventories, amount or source of any income, profits, losses, or

13 expenditures of any persons, firm, partnership, corporations, or other organization, the

14 disclosure of which information may have the effect of causing harm to the competitive

15 position of the person, firm, partnership, corporation, or to the organization from which the

16 information was obtained.

17   3. **Designation of Confidential-Attorney Eyes Only.** Western may designate

18 material as "Confidential Attorney-Eyes Only," provided the disclosure of such material

19 would not violate applicable law.   The designation of Confidential-Attorney Eyes Only

20 ordinarily would not apply to commonly maintained business records, which are directly

21 related to the transactions involved in the above-captioned action, such as invoices, purchase

22 orders, receipts, checks, shipping and receiving documents, and general correspondence.

23   4. **Designation of "Confidential" or "Confidential-Attorney Eyes Only".** With

24 respect to any documents which a party wishes to remain "Confidential" or "Confidential –

25 Attorneys' Eyes Only" (collectively referred to as "Confidential Material"), the producing

26 party shall designate by labeling or otherwise clearly marking the material either

27 "Confidential" or "Confidential – Attorneys' Eyes Only" prior to production in such a manner

28 as will not interfere with the legibility thereof or by subsequent written communication to all

MURTAUGH MEYER
NELSON & TREGLIA LLP

-2 -

STIPULATED PROTECTIVE ORDER AS TO
NONPARTY WESTERN

496784

1    parties in this action, referencing the production numbers of the subject documents or other

2    identification of information. Any report or other multi-page document considered

3    "Confidential" or "Confidential – Attorneys' Eyes Only" shall be confidential in its entirety

4    unless otherwise designated as confidential as to specifically identified parts. In the case of

5    deposition testimony, a party seeking to invoke the protections of this Order shall give prompt

6    notice thereof at the deposition. If a document, material, discovery response, or testimony a

7    party intends to designate as "Confidential" or "Confidential – Attorneys' Eyes Only" is

8    inadvertently disclosed without being properly marked or otherwise in accordance with this

9    Order, the failure to so mark the documents, material, discovery response, or testimony shall

10   not constitute a waiver of designation under this Order. Upon notification of the intended

11   designation by the person who inadvertently disclosed such information, the person to whom it

12   was disclosed shall treat it according to the intended designation.

13        5.   **Permitted Purpose of Confidential Material.** All Confidential Material

14   produced may be used only in connection with the prosecution or defense of claims asserted in

15   this action, as well as any related cross-claims, counter-claims, or third party claims asserted in

16   this action, including any appellate issues which may arise (the "Permitted Purpose"), subject

17   to the terms and conditions of this Order.   Confidential Material shall not be disclosed,

18   divulged, revealed, described, transmitted, or otherwise communicated to any person or entity

19   except as provided in Paragraphs 6 and 7 of this Order, and only to those designated as

20   "Permissible Confidential Recipients" and/or "Permissible Attorneys'-Eye Only Recipients",

21   and only for the Permitted Purpose or for investigation of actions for contribution and/or

22   indemnification, tenders of defense, and/or actions to determine coverage, whenever

23   considered or filed. Confidential Material shall not be otherwise disclosed or used for any

24   business or other purpose, unless agreed to in writing by all parties or as authorized by further

25   Order of the court.

26   ///

27   ///

28   ///

MURTAUGH MEYER
NELSON & TREGLIA LLP

STIPULATED PROTECTIVE ORDER AS TO
NONPARTY WESTERN

496784

6.   **Disclosure of Confidential Material.** Material designated as "Confidential" may be disclosed only to the following persons ("Permissible Confidential Recipients"):

   a.   The attorneys of record in this action and their respective partners, associates, clerks, legal assistants, stenographic and support personnel, the organizations retained by such attorneys to provide litigation support services in this action, and the employees of said organizations;

   b.   Any other attorneys employed by the parties in this action to provide legal advice in this case and their respective partners, associates, clerks, legal assistants, stenographic and support personnel, the organizations retained by such attorneys to provide litigation support services in this action, and the employees of said organizations;

   c.   Independent experts and consultants retained in this action by any of the parties or the attorneys of record and the employees and agents of such experts and consultants who are assisting them;

   d.   The parties in this case, including their current and former officers, directors, partners, principals, and employees who are assisting the parties' counsel in connection with this case;

   e.   Third party witnesses while providing testimony at deposition or at trial in this matter;

   f.   The court and its administrative staff, including law clerks and the jury at trial;

   g.   Court reporters employed in connection with this action; and

   h.   Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the court, such order obtained on noticed motion (or on shortened time as the court may allow), permitting such disclosure.

   g.   The Permissible Confidential Recipients, prior to the disclosure of any Confidential Information, shall be required to execute a Confidentiality

STIPULATED PROTECTIVE ORDER AS TO
NONPARTY WESTERN

496784

Agreement in a form substantially similar to Exhibit "A" attached hereto and incorporated herein by reference, which Confidentiality Agreement effectively obligates such Recipient to the terms and conditions of this Order and consents to the jurisdiction of this court to interpret and enforce such Confidentiality Agreement and this Order.

7. **Disclosure of "Confidential – Attorneys' Eyes Only" Material.** Material designated as "Confidential – Attorneys' Eyes Only" may be disclosed only to the following persons ("Permissible Attorneys'-Eyes Only Recipients"):

    a.    The attorneys of record in this action and their respective partners, associates, clerks, legal assistants, stenographic and support personnel, the organizations retained by such attorneys to provide litigation support services in this action, and the employees of said organizations;

    b.    Any other attorneys employed by the parties in this action to provide legal advice in this case and their respective partners, associates, clerks, legal assistants, stenographic and support personnel, the organizations retained by such attorneys to provide litigation support services in this action, and the employees of said organizations;

    c.    Independent experts and consultants retained in this action by any of the parties or the attorneys of record and the employees and agents of such experts and consultants who are assisting them;

    d.    The court and its administrative staff, including law clerks, trial witnesses while testifying during trial, and the jury at trial;

    e.    Court reporters employed in connection with this action; and

    f.    Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the court, such order obtained on noticed motion (or on shortened time as the court may allow), permitting such disclosure.

    g.    The Permissible Attorneys'-Eyes Only Recipients, prior to the

1    disclosure of any Confidential Information, shall be required to execute a

2    Confidentiality Agreement in a form substantially similar to Exhibit "A"

3    attached hereto and incorporated herein by reference, which Confidentiality

4    Agreement effectively obligates such Recipient to the terms and conditions

5    of this Order and consents to the jurisdiction of this court to interpret and

6    enforce such Confidentiality Agreement and this Order.

7        8.   **Dispute Concerning the Designation of Confidential Information**. At any

8    time during the pendency or trial of the above captioned action, any Party may claim that any

9    other Party has unreasonably designated the material or documents as "Confidential" or

10   "Confidential Attorney-Eyes Only." The objecting party, after a good-faith attempt to resolve

11   the dispute, may make an appropriate application to this Court, under seal, requesting the

12   specifically identified Confidential Material be re-designated or excluded from the provisions

13   of this Order.

14       With respect to upholding the designation as either "Confidential" or "Confidential

15   Attorney-Eyes Only," the burden of proof shall be on the party that designated the material as

16   "Confidential" or Confidential Attorney-Eyes Only." If, as a result of an application,  the

17   Court makes a determination as to confidentiality of the materialthe Court shall have the

18   discretion to award reasonable attorney's fees and costs to the prevailing party on such

19   application.

20       9.   Notwithstanding any other provision hereof, this Order shall not apply to any

21   Confidential Material that: (a) is or becomes generally available to the public from a source

22   other than unauthorized disclosure by the Parties or their counsel, (b) becomes available to the

23   Parties or their counsel on a non-confidential basis from a source other than the Parties or their

24   counsel, or (c) is obtained outside discovery proceedings in this litigation through lawful

25   means. Nothing contained in this stipulation or this Order shall restrict the use or disclosure by

26   a party of information that it alone has designated confidential. Nothing contained in this

27   stipulation or this Order shall make any documents designated as confidential by a party

28   privileged or either inadmissible in evidence in any law and motion matter or at trial, or

1    precluded from production of the confidential documents in formal discovery, or otherwise

2    alter the obligation of parties to comply with discovery pursuant to the Federal Rules of Civil

3    Procedure, and any Local Rules of the Court provided such use or disclosure shall be made

4    consistent with this Order, absent any court order re-designating or excluding such previously

5    designated information from the terms of this Order.

6        10.    The entry of this Order shall neither constitute, nor be used as a basis for, a

7    finding that any party has waived any objections that it may have to the use, relevance, or

8    admissibility of any information.

9        11.    At the Conclusion of this Action, all Confidential Material, upon the request of

10   the party furnishing such Confidential Material, shall be made available to the party that

11   furnished such Confidential Material for pick-up or destruction. "Conclusion of this Action" is

12   defined as the date by which the action has been dismissed or, with respect to a judgment, the

13   date by which all appeals by any party have been exhausted.

14       12.    The parties agree that to the extent that the Confidential Material is used in this

15   Litigation, arbitration or other forms of dispute resolution, regardless of use, including but not

16   limited to exhibits to motions, at trial, or at depositions, the Confidential Material will be

17   sealed upon such use, unless the parties agree otherwise.

18       13.    **Depositions.**    In the event that Confidential Material is used during a

19   deposition, before the Confidential Material is disclosed, the deposition proceeding will be

20   stopped, and the deposition reporter and videographer who records the testimony, shall be

21   given a copy of this Order and agree to the terms of this Order on the transcript of the

22   deposition. The agreement on the record by the deposition reporter and/or videographer shall

23   be obtained before the deposition can proceed. All testimony and information revealed at the

24   deposition designated "Confidential" shall not be disclosed by such reporter or any person who

25   transcribed such testimony except to the attorneys of record for the parties in this action. All

26   deposition testimony and exhibits designated "Confidential" shall be bound in a separate

27   transcript, and clearly marked "Confidential." If any deposition is recorded via videotape,

28   counsel accepts responsibility for ensuring Confidential Material is not disclosed to any person

MURTAUGH MEYER
NELSON & TREGLIA LLP

-7 -

STIPULATED PROTECTIVE ORDER AS TO
NONPARTY WESTERN

496784

1    not entitled under this Order to receive it.

2         14.    All testimony and information revealed at the deposition designated

3    "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be disclosed by such

4    reporter or any person who transcribed such testimony except to the attorneys of record for the

5    parties in this actions. All deposition testimony and exhibits designated as "Confidential –

6    Attorneys' Eyes Only" shall be bound in a separate transcript, and clearly marked

7    "Confidential – Attorneys' Eyes Only."

8         During the course of any deposition, counsel for either party may request information

9    or documents about to be disclosed be marked as "Confidential – Attorneys' Eyes Only,"

10   thereby requesting only counsel for the opposing party (and the court reporter and

11   videographer, if any) be present during the disclosure of such information. In such

12   circumstances, counsel for the party being asked to leave the deposition may either agree, so as

13   to allow the disclosure of the information in the absence of such party, or deny the request to

14   exclude such party. If counsels for the parties are not able to resolve this issue informally, the

15   parties agree that the issue of whether a party should be excluded during the disclosure of such

16   information will be submitted to the court by motion of the party seeking the disclosure of

17   such information.

18        Any motion relating to the exclusion of a party during deposition shall be filed no later

19   than 10 business days after the conclusion of the parts of the deposition not at issue, as

20   otherwise agreed by the parties, or after a longer time as the court may allow. Any such motion

21   must be filed and served with the notice required by statute, or as shortened upon stipulation

22   and/or order of the court. Any such motion shall be set for the earliest possible date on the

23   court's law and motion calendar and shall not be continued without the consent of all parties.

24        15.    **Inadvertent Disclosure.** In the event of a disclosure of any of the Confidential

25   Material by any party (or the party's employees, representatives, agents, or experts) to a person

26   not authorized to have had such disclosures made to him or her under the provisions of this

27   Stipulation, the party's counsel shall immediately undertake reasonable efforts to procure the

28   return of the information and inform the producing party's counsel of all relevant information

MURTAUGH MEYER
NELSON & TREGLIA LLP

-8 -

STIPULATED PROTECTIVE ORDER AS TO
NONPARTY WESTERN

496784

1   concerning the nature and circumstances of such disclosure. The party shall also take all

2   reasonable measures promptly to ensure that no further or greater unauthorized disclosure of

3   the Confidential Material occurs.

4        16.   **Disclosure to Author or Addressee.**  Nothing herein shall prohibit Western or

5   its counsel from disclosing a document which is Confidential Material to the person the

6   documents plainly identifies as an author, addressee, or other recipient of such document.

7        17.   **Court's Jurisdiction.**  If any party or attorney violates this Order and a motion

8   is filed to enforce it, the court has the authority to sanction the offending party or attorney. The

9   court retains jurisdiction to make such amendments, modifications, deletions, and additions to

10   this Order as the court may from time-to-time deem appropriate. The provisions of this Order

11   regarding the use and/or disclosure of Confidential Material shall survive the termination of

12   this action, and the court shall retain jurisdiction with respect to this Order.

13        18.   **Disclosure to New Party's.** No Confidential Material shall be disclosed to any

14   person or entity that becomes a party to this case after execution of this Stipulation, until after

15   the party executes an amendment to this Stipulation thereby agreeing to the terms contained

16   herein.

17        **19.**    **Unauthorized Disclosure of Confidential Material; Agreement to**

18   **Indemnify Aggrieved Party.**  Any information or material designated as "Confidential" or

19   "Confidential - Attorneys' Eyes Only", which is disclosed or used at any time in violation or

20   contravention of this Order, or without the express approval of the party designating such

21   information as confidential, shall be deemed inadmissible as evidence for any purpose in

22   connection with this litigation and any related or subsequent litigation between the parties, and

23   the party, parties, or persons who disclosed such information shall be jointly and severally

24   indemnify the designating party from all costs, including attorneys' fees, incurred by such

25   ///

26   ///

27   ///

28   ///

MURTAUGH MEYER
NELSON & TREGLIA LLP

STIPULATED PROTECTIVE ORDER AS TO
NONPARTY WESTERN

496784

1   party as a result of such disclosure or use, or to protect the further disclosure or use of such

2   information or material at any time by any person or entity.

3

4   Dated: July 12 2010                    MURTAUGH MEYER NELSON & TREGLIA LLP

5
                                           By: _____
6
                                              Robert T. Lemen
7                                             Timothy J McElfish
                                              Attorneys for Defendant and Counterclaimant
8                                             CITY FIBERS, INC.

9

10  Dated: July 12 2010                    HOWARD & HOWARD, P.C.

11

12                                         By:    /s/ Danielle Blackham
                                              Thomas W. Davis, II, Esq.
13                                            Danielle L. Blackham, Esq.
                                              Attorney for PLAINTIFF
14

15  Dated: July 12 2010                    COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

16
                                           By: _____
17
                                              Lawrence Miller, Esq.
18                                            Attorneys for NONPARTY, WESTERN
                                              PACIFIC PULP & PAPER, INC.
19

20                    **ORDER**

21      IT IS SO ORDERED this 13th day of July, 2010.

22

23

24                                         _____
25                                            Gloria M. Navarro
                                              United States District Judge
26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

**CONFIDENTIALITY AGREEMENT**

The undersigned does hereby solemnly swear that I am fully familiar with the terms of the STIPULATED PROTECTIVE ORDER WITH RESPECT TO NONPARTY WESTERN PACIFIC PULP & PAPER, INC., (the "ORDER"), in connection with the matter of *Creel Printing & Publishing Co., Inc., Plaintiff, vs. City Fibers, Inc., Defendant*, United States District Court, First District of Nevada, Case No. 2:09-cv-00663 (the "ACTION"), and hereby agrees to comply with and be bound by the terms and conditions of said ORDER unless and until modified by further order of the court in the ACTION.

I hereby consent to the jurisdiction of said court for purposes of enforcing this ORDER.

Dated:                     By:_____

Print Name:

Title:_____

IN CAPACITY AS:

☐  **"Permissible Confidential Recipient"** as designated in Paragraph 6 of the ORDER; and/or

☐  **"Permissible Attorneys'-Eyes Only Recipient"** as designated in Paragraph 7 of the ORDER.

MURTAUGH MEYER
NELSON & TREGLIA LLP

-1 -

EXHIBIT "A" TO STIPULATED PROTECTIVE
ORDER AS TO NONPARTY WESTERN

496784